UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH FREDERICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-837-R |
| ) | |
| CASEY HAMILTON, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner Joseph Frederick, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 challenging the execution of his sentence. Doc. 1. Upon order of the Court, Petitioner filed an amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), which became the operative pleading. Doc. 10. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).

On February 19, 2025, the Court ordered Respondents to file an answer, motion, or other response within 30 days of the Order's date. Doc. 15. Petitioner was instructed that, if Respondents file a motion that he opposes, he "shall file a response within twenty-one (21) days after the date the motion was filed." *Id.* Respondent Casey Hamilton filed a Motion to Dismiss ("Motion"), Doc. 17, and Petitioner did not object to it.[1] On June 30,

---

[1] "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified) (quoting 28 U.S.C. §§ 2242, 2243). Additionally, "there is generally only one proper respondent to a given prisoner's habeas

2025, the Court issued an Order notifying the parties that, considering Respondent's reliance on materials outside the Petition, the Court may convert the Motion to one for summary judgment and informed Petitioner of his need to respond. Doc. 18. Petitioner did not respond. As discussed below, however, the undersigned does not recommend converting the Motion.[2] The Motion is currently before the Court. The undersigned recommends that the Court deny the Motion.

I. **Petitioner's Claims**

Petitioner was incarcerated at the Great Plains Correctional Center in Hinton, Oklahoma, when he filed his Petition. Pet. at 1. He seeks habeas relief from disciplinary proceedings at the prison. *Id.* at 2. Liberally construing Petitioner's claims, the undersigned understands him to assert that his due process rights were violated in disciplinary proceedings that resulted in the loss of good time credits. *Id.* at 2-3, 7.

---

petition." *Id.* Here, Petitioner named two Respondents. Warden Hamilton, as the only proper Respondent, complied with the Court's Order.

[2] "While the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance—particularly where strict application would undermine the habeas review process under [the Antiterrorism and Effective Death Penalty Act of 1996]." *Whitmore v. Parker*, 484 F. App'x 227, 231 (10th Cir. 2012) (citation modified). In the Motion, Respondent fails to address Petitioner's central contention, liberally construed, that exhaustion of administrative remedies was not available to him because a prison official threatened him with physical injury if he appealed or filed a grievance with his disciplinary proceeding. *See Pinson v. Berkebile*, 601 F. App'x 611, 613 (10th Cir. 2015) (acknowledging that "exhaustion of administrative remedies is a prerequisite for § 2241 habeas relief" except that exhaustion may be unavailable "where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy" (citation modified)). Accordingly, converting the Motion to one for summary judgment would undermine the habeas review process as the question of available administrative remedies would remain. As such, the undersigned evaluated the Motion as a motion to dismiss and did not consider the attached evidence. *See* discussion *infra*.

Petitioner alleges that he "was being threatened" in a disciplinary proceeding that "A Johnson" would "kick [his] ass if [he] filed [a] grievance or appeal." *Id.* at 3. The person identified as "A Johnson" is a named Respondent and likely a prison official at the Great Plains Correctional Center. Petitioner claims the prison official "threaten[ed] to kick [his] ass if he didn't plea guilty and if he attempted to appeal or file grievances." *Id.* at 7. Petitioner further alleges that he did not pursue all appeals available to him "out of fear of being attacked from being threaten[ed] by prison official." *Id.* at 8.

Respondent confirms in his Motion that Petitioner pleaded guilty to a Class X misconduct violation, resulting in a revocation of all earned credits, based on a misconduct report dated August 1, 2024. Mot. at 1.

**II.     Standard of Review**

Federal statutory law does not address the standard for a motion to dismiss in a habeas proceeding, and thus the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(4). Respondent moves for dismissal based on Petitioner's failure to exhaust his administrative remedies but does not articulate under what provision. The undersigned construes Respondent's Motion as asserting that Petitioner failed to state a claim for relief because he has not exhausted administrative remedies. Therefore, the applicable rule is Fed. R. Civ. P. 12(b)(6). *See Perez-Romero v. Warden, GPCF/BOP, U.S.*, No. CIV-18-852-F, 2019 WL 2018481, at *2 (W.D. Okla. Apr. 15, 2019) (recommending that a motion to dismiss based on the petitioner's failure to exhaust his administrative remedies should be reviewed under the Rule 12(b)(6) standard) (R&R), *adopted*, 2019 WL 2016870 (W.D. Okla. May 7, 2019); *see also Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001)

(ruling that a habeas petition should be dismissed under Rule 12(b)(6) for failure to state a claim).

To survive a motion to dismiss under Rule 12(b)(6), a petition must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). In ruling on such a motion, the Court's function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (citation modified). To that end, "all well-pled factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party." *Id.* at 1136 (citation modified).

"Granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (citation modified). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp.*, 550 U.S. at 556 (citation modified). Further, a pro se litigant's filing must be liberally construed and held to less stringent standards than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. <u>Discussion</u>

Respondent alleges that the Petition should be dismissed for two reasons. The undersigned concludes that neither proposition provides grounds for dismissal.

### A. Petitioner properly brought his claims in a habeas petition under 28 U.S.C. § 2241

Respondent first asserts that Petitioner's claims of a violation of due process are not properly before the Court because they "must be raised in a civil rights action pursuant to 42 U.S.C. § 1983 as opposed to a habeas corpus proceeding." Mot. at 3. Liberally construing his claims, Petitioner asserts that his due process rights were violated in disciplinary proceedings that resulted in the loss of good time credits. Petitioner's claims relate to the duration of his sentence and challenge the way in which his sentence is being executed, not the conditions of his confinement. Such claims are properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241 and, as such, are properly before the Court. *See Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) ("It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." (citation modified)); *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (ruling a § 2241 petitioner was "entitled to due process before he is subjected to . . . disciplinary actions that 'inevitably affect the duration of his sentence'" (quoting *Sandlin v. Conner*, 515 U.S. 472, 484, 487 (1995)); *cf. Davis v. Fox*, 701 F. App'x 715, 716 (10th Cir. 2017) (ruling a petition that asserted claims related to petitioner's conditions of confinement was not properly brought under § 2241 but instead should have been brought under § 1983). Respondent's first assertion should therefore be denied.

5

### B. The Petition includes sufficient facts to allege that exhaustion of administrative remedies was unavailable to Petitioner

Respondent next asserts that Petitioner failed to exhaust his administrative remedies. Mot. at 4-5. In support of his argument, Respondent relies on materials outside the Petition, including an affidavit from the prison's Administrative Review Authority Manager. *Id.* As such, the Court must either (1) convert the motion to one for summary judgment or (2) retain the motion as one to dismiss but decline to consider materials outside the Petition. *See* Fed. R. Civ. P. 12(d), 56. The undersigned recommends that the Court opt for the latter option and review the Motion without consideration of the attached documents. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) (ruling a district court did not abuse its discretion in refusing to convert a motion to dismiss to a motion for summary judgment when matters outside the pleadings were attached to the motion but not relied on by the court); *McClure v. Fox*, No. CIV-16-127-R, 2016 WL 6998880, at *1 n.2 (W.D. Okla. Oct. 31, 2016) (declining to convert a motion to dismiss to a motion for summary judgment but excluding the attached evidence from consideration when recommending granting the motion) (R&R), *adopted*, 2016 WL 7009103 (W.D. Okla. Nov. 30, 2016); *Thornton v. Dinwiddie*, No. CIV-07-1321-W, 2008 WL 4296609, at *5 (W.D. Okla. Sep. 19, 2008) (denying motion to dismiss because the Court could not rely on evidence outside of the petition but allowing the respondent to re-urge the issue, which depended on external materials, through a subsequent motion for summary judgment).

Respondent in his Motion argues that the Petitioner "failed to submit a grievance or appeal regarding his misconduct – *or alleged, related retaliation* – to the ODOC's

6

Administrative Review Authority, pursuant to the agency's grievance process." Mot. at 4. Indeed, "the exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation modified). But "where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Pinson*, 601 F. App'x at 613 (citation modified) (quoting *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010)).

Petitioner acknowledges that he did not file a grievance or seek an administrative remedy, but he claims that he did not do so because during the "disciplinary procedure [Petitioner] was being threatened by A Johnson to kick [his] ass if [he] filed [a] grievance or appeal." Pet. at 3. Based on these threats by Officer Johnson, Petitioner asserts that he did not exhaust the administrative remedies available to him "out of fear of being attacked" and "being threatened by [a] prison official." Pet. at 7-8. Respondent fails to address in his Motion these specific allegations by Petitioner about unavailability of remedies or threats by a prison official.

At the motion to dismiss stage, construing Petitioner's factual allegations as true and in a light most favorable to him, Petitioner has plausibly alleged with sufficient detail that he was prevented from exhausting his administrative remedies by a prison official's threats and intimidation. Respondent's conclusory statements that Petitioner failed to exhaust his administrative remedies, combined with Respondent's failure to address Petitioner's claims that he was threatened from doing so, do not provide an adequate basis for dismissal of the Petition.

IV.     **Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **DENY** Respondent's Motion to Dismiss, Doc. 17. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than October 21, 2025. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of September, 2025.

*/s/ Chris M. Stephens*
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE