UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH FREDERICK,        )<br>                              )<br>         Petitioner,        )<br>                              )<br>vs.                           )   Case No. CIV-24-837-R<br>                              )<br>CASEY HAMILTON, Warden,       )<br>et al.,                       )<br>                              )<br>         Respondents.       ) | |

## ORDER

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Chris M. Stephens [Doc. No. 19]. Petitioner Joseph Frederick, a state prisoner proceeding pro se, filed an amended Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus [Doc. No. 10] challenging the execution of his sentence. Respondent Casey Hamilton filed a Motion to Dismiss the Petition [Doc. No. 17]. In his Report, Judge Stephens recommends denial of the Motion to Dismiss. Respondent filed an Objection to the Report [Doc. No. 20] and the Court must therefore make a *de novo* determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1).

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-

1

00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where he fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060.

Judge Stephens recommends denial of Respondent's Motion to Dismiss based on his findings that (1) Petitioner properly brought his claims in a habeas petition under 28 U.S.C. § 2241 and (2) Petitioner plausibly alleged a prison official's threats and intimidation prevented him from exhausting the administrative remedies normally required before habeas relief may be sought. Respondent objected to Judge Stephens's report, but "only to the extent that the claim may be moot or lacking in case or controversy because no earned credits were revoked as a result of the disciplinary proceeding and dismissal is still proper." Doc. No. 20 at p. 1.

"[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived." *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)). Respondent did not assert mootness as a ground for dismissal until his Objection and has therefore waived the Court's consideration of this argument at this stage. Because Respondent did not specifically object

2

to Judge Stephens's findings on any other grounds, he has waived review of the Report and Recommendation.

Judge Stephens's Report and Recommendation is therefore ADOPTED in its entirety and Respondent's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED this 24th day of October, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE